# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

KERRY MAININI,

        Plaintiff,

   v.

DONA LISA JOHNSON,

        Defendant.

Case No.  14-cv-03205-BLF

**ORDER GRANTING MOTION TO DISMISS; DISMISSING ACTION WITHOUT PREJUDICE**

[Re:  ECF 7]

Plaintiff Kerry Mainini ("Plaintiff") in this action seeks a declaration of the validity and enforceability of a limited liability company operating agreement.  *See* Compl., ECF 1.  Before the Court is the Motion to Dismiss by defendant Dona Lisa Johnson ("Defendant").  Def.'s Mot., ECF 7.  For the reasons stated herein, Defendant's motion is GRANTED.[1]

## I.    BACKGROUND

Plaintiff, a domiciliary of the state of California, alleges that he and Defendant, an Arizona resident, are co-owners of Pamela Drive Apartments, LLC ("Pamela LLC"), a limited liability company whose sole asset is an apartment building located at 225 Pamela Drive in Mountain View, California.  Compl. ¶¶ 1-2, 7.  Plaintiff contends that he is the majority member of Pamela LLC with a 51% membership interest, and that Defendant owns a minority interest of 45.84%.[2] *Id.* ¶¶ 1-2, 14-15.  Plaintiff alleges that Defendant now claims that she owns a 50% interest in Pamela LLC and that the Pamela LLC Operating Agreement is invalid and unenforceable.  *Id.* ¶¶

---

[1] The Court finds this matter suitable for submission without oral argument and accordingly VACATES the motion hearing set for March 19, 2015.  Civ. L.R. 7-1(b).

[2] The remaining 3.16% is allegedly held by a third investor who is not party to this action.  *Id.* ¶¶ 8, 14.

United States District Court
Northern District of California

16-17.  Plaintiff accordingly seeks a declaration that the agreement is valid and enforceable, and that Defendant's share of the LLC is limited to 45.84%.  *Id.* ¶ 18.  The parties requested and attended a settlement conference with a magistrate judge in January 2015 but were unable to settle their differences.  *See* ECF 20, 22, 23.

Complicating matters, after Plaintiff filed the instant action in July 2014, Defendant and third party Daniel Mainini sued Plaintiff in Santa Clara County Superior Court.  Def.'s Request for Judicial Notice ("RJN") Exh. A, ECF 7-1.[3]  In a complaint filed October 9, 2014, Defendant and Mr. Mainini sought, among other things, to dissolve three limited liability companies—Fruitdale Gardens, Tiera II, and Pamela—in which the three parties have a varying degree of interest.  The plaintiffs in state court also sought to hold Plaintiff liable for breach of fiduciary duty, sought an accounting on all of the companies and properties at issue between the three individuals, as well as a declaration of rights under the Pamela LLC and Tiera II LLC operating agreements.  *Id.*  On February 19, 2015, the judge in the state court action granted Plaintiff's motion to compel arbitration on a number of claims concerning Fruitdale Gardens and Tiera II.  The court declined, however, to stay the claims concerning Pamela LLC, observing that "there is no federal law issue in the federal case" and that "the federal case is a subset of the dispute framed in this case about the Pamela Agreement."  *See* Pl.'s Statement of Recent Decision Exh. A, ECF 24.  The state court action is still pending as of this writing.

Defendant presently seeks to dismiss this action on the ground that Plaintiff failed to join Daniel Mainini as an indispensable party to the dispute here.  Def.'s Mot. 8-10.  In the alternative, Defendant asks this Court to decline declaratory judgment jurisdiction pursuant to the jurisprudential principles enumerated by the United States Supreme Court in *Brillhart v. Excess*

---

[3] Defendant requests judicial notice of a single document—the state court complaint filed on October 9, 2014.  Def.'s RJN, ECF 7-1.  Plaintiff objects, arguing that Defendant cannot use the unverified state court complaint to introduce disputed facts.  Pl.'s Opp. 5-6, ECF 8.  Plaintiff acknowledges, however, that this Court may take notice of the existence of public filings.  *Id.* at 5.  The Court therefore GRANTS Defendant's RJN pursuant to Federal Rule of Evidence 201.  The Court takes notice of the claims asserted in the state court complaint, Def.'s RJN Exh. A, but will not consider it "so as to supply, without formal introduction of evidence, facts essential to support a contention" in the present case.  *M/V Am. Queen v. San Diego Marine Const. Corp.*, 708 F.2d 1483, 1491 (9th Cir. 1983).

United States District Court
Northern District of California

1 | *Insurance Company of America*, 316 U.S. 491 (1942) and reaffirmed in *Wilton v. Seven Falls Co.*,

2 | 515 U.S. 277 (1995).  *Id.* at 13-15.  The Court addresses each argument in turn.

### II.   FAILURE TO JOIN INDISPENSABLE PARTY

Defendant contends that this action should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(7) due to Plaintiff's failure to join Daniel Mainini as an indispensable party to the dispute concerning the Pamela LLC operating agreement.  Def.'s Mot. 8-10.  Plaintiff contends that Mr. Mainini is not an indispensable party to the sole claim for declaratory relief in this action.  Pl.'s Opp. 6-7, ECF 8.  The Court agrees with Plaintiff.

When a defendant moves to dismiss under Federal Rule of Civil Procedure 12(b)(7) for failure to join an indispensable party under Rule 19, the court engages in a three-step inquiry.  *Salt River Project Agr. Imp. and Power Dist. v. Lee*, 672 F.3d 1176, 1178-79 (9th Cir. 2012).  First, the court must determine whether the absent party is necessary—that is, required to be joined—under Rule 19(a).  *Id.* at 1179.  A party may be necessary under Rule 19(a) if: (1) the court cannot accord complete relief among existing parties; (2) the absent party has an interest in the action and resolving the action in his absence may as a practical matter impair or impede his ability to protect that interest; or (3) the absent party has an interest in the action and resolving the action in his absence may leave an existing party subject to inconsistent obligations because of that interest.  *Id.*  Second, if an absent party is necessary, the court must determine whether it is feasible to order joinder of the absent party.  *Id.*  Third, if joinder is not feasible, the court must determine whether the case can proceed without the absent party or whether the absent party is indispensable such that dismissal is required.  *Id.*

It is clear that if Mr. Mainini is deemed to be a necessary party under Rule 19, his joinder in this action would not be feasible—as both he and Plaintiff are residents of California, joining Mr. Mainini would defeat this Court's subject matter jurisdiction over the action, which is solely premised upon 28 U.S.C. § 1332.  Def.'s Mot. 9-10; *see* Compl. ¶ 3.  However, the Court is unpersuaded that Mr. Mainini is an indispensable party.  Despite arguing that "complete relief in the Federal Court Action is not possible, absent the inclusion of [Mr.] Mainini," Defendant makes no showing on this front other than to argue that "Plaintiff's allegations grossly oversimplify the

3

<div style="float:left">United States District Court<br>Northern District of California</div>

1  issues between the Parties, which go far beyond the validity and/or enforceability of the purported

2  Pamela Drive Operating Agreement." *Id.* at 8.  While this dispute does indeed appear to be part of

3  a larger dispute between Plaintiff, Mr. Mainini, and Defendant, there is no showing that Mr.

4  Mainini has any interest—direct or indirect—in the Pamela LLC.  That Mr. Mainini has no actual

5  interest in Pamela LLC appears, in fact, to be undisputed.  *See* Pl.'s Opp. 6.  Nor is there any

6  evidence to suggest that Mr. Mainini's interest in the other limited liability companies at issue in

7  the state court action would be impaired by a declaration of rights under the Pamela LLC, or that

8  any party here would be subject to inconsistent obligations if Mr. Mainini is not joined.  As such,

9  Defendant has failed to demonstrate that Mr. Mainini is a necessary party to this action.[4]

10  The Court accordingly rejects Defendant's argument that the Complaint should be

11  dismissed pursuant to Rule 12(b)(7) for failure to join Daniel Mainini as an indispensable party.

12  **III.  DECLARATORY JUDGMENT JURISDICTION**

13  In the alternative to her Rule 12(b)(7) argument, Plaintiff requests that the Court decline to

14  hear this declaratory judgment action.  Def.'s Mot. 13-15.

15  "In a case of actual controversy within its jurisdiction . . . any court of the United States . .

16  . *may* declare the rights and other legal relations of any interested party seeking such declaration."

17  28 U.S.C. § 2201(a) (emphasis added).  As a preliminary matter, the Act requires that there be an

18  actual case or controversy over which the district court has subject matter jurisdiction.  *Id.*; *Gov't*

19  *Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1223 (9th Cir. 1998).  Both of these requirements are

20  met, as this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, and there is clearly

21  a dispute between Plaintiff and Defendant concerning the validity, enforceability, and terms of the

22  Pamela LLC operating agreement, particularly as Defendant has filed her own lawsuit concerning

23  this dispute in state court.  Even so, the language of the Declaratory Judgment Act is "deliberately

24  cast in terms of permissive, rather than mandatory, authority," *Public Serv. Comm'n of Utah v.*

25  *Wycoff Co.*, 344 U.S. 237, 250 (1952) (J. Reed, concurring), and a district court is vested with the

26

27  ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

28  [4] In fact, Defendant in her reply brief appears to concede that Mr. Mainini is not an indispensable party, failing to even mention this argument, let alone address Plaintiff's valid arguments in opposition.  *See* Def.'s Reply, ECF 11.

1    discretion to dismiss declaratory judgment actions based on prudential concerns.  A motion to

2    dismiss an otherwise appropriate suit for declaratory judgment is accordingly addressed to

3    discretion of the court.  *Brillhart*, 316 U.S. at 494; *Dizol*, 133 F.3d at 1225.

4        A court, in determining whether to exercise jurisdiction over a declaratory judgment suit,

5    may consider a number of factors: "A district court should avoid needless determination of state

6    law issues; it should discourage litigants from filing declaratory actions as a means of forum

7    shopping; and it should avoid duplicative litigation." *Huth v. Hartford Ins. Co. of the Midwest*,

8    298 F.3d 800, 803 (9th Cir. 2002).  These three primary factors, though not exclusive, are the

9    "philosophic touchstone" of the *Brillhart/Wilton* analysis.  *R.R. St. & Co. Inc. v. Transp. Ins. Co.*,

10   656 F.3d 966, 975 (9th Cir. 2011) (quoting *Dizol*, 133 F.3d at 1225); *see also Brillhart*, 316 U.S.

11   at 495; *Wilton*, 515 U.S. at 282-83.  Other considerations may include "whether the declaratory

12   action will settle all aspects of the controversy; whether the declaratory action will serve a useful

13   purpose in clarifying the legal relations at issue; whether the declaratory action is being sought

14   merely for the purposes of procedural fencing or to obtain a 'res judicata' advantage; or whether

15   the use of a declaratory action will result in entanglement between the federal and state court

16   systems." *Dizol*, 133 F.3d at 1225 n.5 (quoting *Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 145

17   (9th Cir. 1994) (Garth, J., concurring)).  Taking all relevant factors into consideration, the court's

18   decision to entertain an action for declaratory relief must ultimately "further[] the Declaratory

19   Judgment Act's purpose of enhancing 'judicial economy and cooperative federalism.'" *R.R. St. &*

20   *Co.*, 656 F.3d at 975 (quoting *Dizol*, 133 F.3d at 1224).

21       Defendant urges that this Court should decline to hear Plaintiff's claim for declaratory

22   relief because it is a purely state law claim that is a piece of a larger lawsuit pending between the

23   same parties (plus Mr. Mainini) in state court.  Def.'s Mot. 13-15.  Plaintiff counters that the later-

24   filed state court action is a "poorly disguised attempt to interfere with this case," that the state

25   court complaint is defective in a number of ways, that this Court should discourage Defendant's

26   forum shopping, and that all of Defendant's other claims in state court are subject to binding

27   arbitration.  *See* Pl.'s Opp. 8-12.  Unfortunately for Plaintiff, some actions taken by the state court

28   undermine his arguments and demonstrate that the prudential course is to dismiss this action.

The sole claim before this Court is one for declaratory relief.  It is undisputed that the claim rests on state law and does not implicate any federal laws or rights.  Indeed, the state court observed as much in declining to stay Defendant and Mr. Mainini's claims concerning Pamela LLC in the pending state court proceeding.  *See* Pl.'s Statement of Recent Decision Exh. A at 5. Moreover, that court appears to have rejected Plaintiff's arguments with respect to the deficiency of Defendant's state court complaint, overruling Plaintiff's demurrer in a tentative ruling that became the order on February 10, 2015.[5]  *Id.* at 3.  Although Plaintiff is correct that Defendant and Mr. Mainini's claims concerning the other limited liability companies are subject to binding arbitration, as the state court concluded, the claims concerning Pamela LLC remain extant and are proceeding in state court.  Knowing this places the undersigned in a quandary: although this action was filed first, it is clear that proceeding on Plaintiff's sole claim for declaratory relief here will be duplicative of and possibly interfere with the proceedings in state court.  Dismissing this action would avoid that "entanglement between and federal and state court systems," *Dizol*, 133 F.3d at 1225 n.5, avoid the "needless determination of state law issues," *Huth*, 298 F.3d at 803, and prevent duplicative adjudication.

Although the Court is sensitive to Plaintiff's argument that Defendant's reactive, later-filed state court action suggests forum shopping that should be discouraged, "[t]iming is only one consideration when deciding whether to entertain a declaratory judgment action, and the *Wilton/ Brillhart* factors sometimes compel a court to decline to entertain an earlier-filed action in favor of a later-filed action."  *R.R. St. & Co.*, 656 F.3d at 976 (collecting cases favoring later filed state court action over earlier filed federal declaratory judgment action).  Furthermore, Plaintiff, as a California resident, is unlikely to face prejudice in California state court.  *See Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 940 (9th Cir. 2006) (the purpose of diversity jurisdiction is to protect an

---

[5] In a similar vein, and contrary to Plaintiff's assertion, having all necessary parties joined in the state proceeding is not a "prerequisite" to declining to hear a declaratory judgment action, Pl.'s Opp. 9, but rather one of a number of factors that may be considered under the *Brillhart/Wilton* framework, *Brillhart*, 316 U.S. at 495.  It is unclear whether Plaintiff argued the failure to join necessary parties to the state court in his demurrer, but that court is well equipped to address any such deficiencies in that action.  Furthermore, there is no indication that Defendant would be unable to join the necessary parties to the state court action.

United States District Court
Northern District of California

out-of-state defendant from prejudice in favor of a local plaintiff).  Because Defendant, the out-of-state party, is willing to litigate the parties' purely state law claims in state court, there is little reason to maintain the declaratory judgment action in federal court.

In sum, this action is part of a broader dispute between Plaintiff, his "estranged father" (Daniel Mainini), and his father's "longtime romantic companion" (Johnson) concerning rights and obligations under limited liability operating agreements governed by state law.  Pl.'s Opp. 1. Prudence dictates that this purely state law-based dispute between family members is best resolved in the pending action in state court.  Defendant's Motion to Dismiss is accordingly GRANTED, and this Court declines to exercise jurisdiction over this declaratory relief action.

## IV.  ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss is GRANTED, and the Court declines to exercise jurisdiction over this declaratory judgment action.  This action is dismissed without prejudice.  The Clerk of the Court shall close the case file.

**IT IS SO ORDERED.**

Dated: March 17, 2015

BETH LABSON FREEMAN
United States District Judge